

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NOS. PD-0018-22 & PD-0019-22

### THE STATE OF TEXAS

**v.**

### SEBASTIAN TORRES, Appellee

## ON STATE'S PETITION FOR DISCRETIONARY REVIEW FROM THE THIRTEENTH COURT OF APPEALS HIDALGO COUNTY

**KELLER, P.J., filed a concurring opinion in which HERVEY, J., joined.**

### CONCURRING OPINION

The State makes some good statutory construction arguments, but its position is ultimately untenable because it would encourage law enforcement to disregard a magistrate's request for the return of a child. That result is opposite to what the legislature clearly intended in enacting the statute.

The cardinal rule of statutory construction is that courts effectuate the plain meaning of the text of a statute unless the text is ambiguous or the plain meaning leads to absurd results that the

legislature could not have possibly intended.[1]  The statute provides:

> A magistrate who provides the warnings required by Subsection (a)(5) for a recorded statement may at the time the warnings are provided request by speaking on the recording that the officer return the child and the recording to the magistrate at the conclusion of the process of questioning.  The magistrate may then view the recording with the child or have the child view the recording to enable the magistrate to determine whether the child's statements were given voluntarily.  The magistrate's determination of voluntariness shall be reduced to writing and signed and dated by the magistrate.  If a magistrate uses the procedure described by this subsection, a child's statement is not admissible unless the magistrate determines that the statement was given voluntarily.[2]

The State argues that a "procedure" is not "used" unless it is completed, and this argument makes logical and intuitive sense.  But it would be an overstatement to say that the statutory language plainly dictates the State's construction.  The statute is ambiguous.  And even if the statute were not ambiguous, resort to extratextual factors would still be justified because the State's construction would lead to absurd results that the legislature could not have possibly intended.

It is at least true that the "procedure" at issue begins when the magistrate requests that "the officer return the child and the recording" at the conclusion of the process of questioning.  Whether the child is returned to the magistrate is under the control of the officers having custody of the child.  If officers can thwart the "use" of the "procedure" by refusing to return the child, then officers will have an incentive to never return the child after a magistrate's request.  Such an incentive is contrary to the obvious legislative purpose of giving the magistrate the ability to determine the voluntariness of a child's statement.  The statute clearly contemplates that the magistrate's request for the child to be returned will be complied with.  The legislature could not possibly have intended that law

---

[1]  *Boykin v. State*, 818 S.W.2d 782, 785 (Tex. Crim. App. 1991).

[2]  TEX. FAMILY CODE 51.095(f).

enforcement officers be able to thwart the whole purpose of the statute by disobeying a magistrate's request for a child's return.

Extratextual factors also strongly militate against the State's proposed construction. Extratextual factors include "the consequences of a particular construction."[3] The consequence of allowing law-enforcement officers to thwart the magistrate-review procedure by refusing to comply with a magistrate's request would be to render the statute ineffective.[4]

I join the Court's opinion.

Filed: April 19, 2023
Publish

---

[3] *Williams v. State*, 603 S.W.3d 439, 445 (Tex. Crim. App. 2020).

[4] This "consequences" analysis is more textually related than is sometimes the case because the legislative intent here is derived from the text itself without having to look at legislative history.